Spear, J.
The question presented by the record is as to the legality of the order of the board of commissioners giving leave to amend the petition, in the absence of an ordinance authorizing such change, and ordering the annexation of the territory as described in the amended petition. It was the judgment of the circuit court that the action of the board, in that behalf, was unauthorized.
The proceeding is purely statutory, and the question is, therefore, to be determined by a consideration of all the statutes bearing upon the subject. In arriving at a conclusion the test to be observed is the intent of the lawmakers as expressed by the .law.
Chapter 2,. of division 2, of title 12, Revised Statutes, relates to the creation of villages and hamlets. Chapter 5, of the same division, relates to the annexation of territory to any city or village. Subdivision 1 treats of annexation on application of inhabitants residing on adjacent territory, and subdivision 2 treats of annexation on application of the corporation itself. The general subject matter of all is the formation of municipalities and changes in territory.
Looking to subdivision 2, we find that when the inhabitants generalfy desire to enlarge the corporate limits by annexation, the first step is for the council to pass a proper ordinance, and constitute one or more persons to act for the *302 municipality in prosecuting the proceedings necessary to effect the annexation. This is done by the filing with the board of county commissioners of a petition setting forth the ordinance, and giving a description and a map. That done, “like proceedings shall be had, in all respects, so far as applicable, as are required under the provisions of subdivision 1,” (section 1602). No other method of procedure is pointed out in subdivision 2; so that, we necessarily turn, to subdivision 1. There we find, (section 1590), that when the petition is presented “ the same proceedings shall be had, in all respects, so far as applicable, and the same duties in respect thereto shall be performed by the commissioners and other officers, as are required in the case of an application to be organized into a village under the provisions of this division.” So that, for further method of procedure before the board, we recur to chapter 2, prescribing the duties of the commissioners in case of an application for the organization of a village, and provision is there made for the hearing, as follows:
“Sec. 1557. The hearing shall be public, and may be adjourned from time to time, and from place to place, according to the discretion of the commissioners, and any person interested may appear, in person or by attorney, and contest the granting of the prayer of the petition, and any affidavits presented in support of or against the prayer of the petition shall be considered by the commissioners, and the petition may be amended by their leave; but if any amendment is permitted, whereby territory not before embraced is added, the commissioners shall appoint another time for the hearing, of which notice shall be given, as specified in the last preceding section.”
This section clearly gives the commissioners, in a proper case, authority to grant leave to amend. And, as stated before, it is the only provision directing procedure before the commissioners in either chapter 2, or chapter 5. If it cannot be held to apply to a case like the present then the legislation seems like a jumble, and the apparent purpose of the legislature is defeated. If such result can be reason *303 ably avoided, it is the duty of the court to give such construction to the whole statute as will avoid it.
This court is of opinion that this may be done, and that the provisions of section 1557 should be held to apply. If they do apply, in substance and spirit, then the commissioners had authority to allow an amendment to the petition without the formality of action by the village council directing such amendment, for the statute nowhere requires such an ordinance. The purpose of such ordinance would be only to show that the action of the agents was directed by the principal. But may not subsequent ratification be as effectual as previous authority? If so, and if the statute furnishes a method by which this result may be reached, is not the end accomplished?
Apparently such provision is made, in substance. Recurring again to section 1590, we find that “the final transcript of the commissioners, and the accompanying map or plat and petition, shall be deposited with the clerk of the city or village to which such annexation is proposed to be made, who shall file the same in his office.” By sections following provision is made requiring the clerk, after the expiration of sixty days from the date of the filing, to lay the transcript, with map, plat and petition, before the council, and thereupon the council, by resolution or ordinance, shall accept or reject the application for annexation. If the application is rejected the proceedings stop. If accepted, the clerk must make two certified copies, containing the petition, maps, transcript of the proceedings of the commissioners, and of resolutions or ordinances, one of which he must forthwith deliver to the recorder of the county, who must make a record of the same in a proper book, and the other forward to the secretary of state. When the resolution or ordinance accepting the annexation has been adopted, the territory is to be deemed a part of the village, and the inhabitants residing therein are to have all the rights and privileges of the inhabitants within the original limits.
Provision is also made for delay, in case injunction proceedings are commenced within the sixty days mentioned, *304 and for proper action by the officers in the event that the injunction is either finally sustained, or is dissolved.
It is manifest that one of the purposes of this legislation is to provide for the addition of territory by the joint action of the village council and the county commissioners. And it would seem that, giving effect to all these sections, a scheme has been mapped out which, though not altogether coherent in its parts, will, nevertheless, practically reach the end intended.
Objection is made that the commissioners did not, after the amendment, act respecting the same territory as that which the ordinance described, and hence-their action was void for want of jurisdiction. But is not this rather technical? The amended petition does describe territory described in the ordinance, though not all of it, and does not include any not described in the ordinance. In other words, the effect of the action of the commissioners was to grant to the petitioners a part of their prayer, not all of it. In the'practical administration of justice mere technical objections have to give way to substance.
It is further objected that the agents could not have had authority to make the amendment to the petition because the council could not, as to a matter of this kind, delegate its authority. If by this is meant that i't could not delegate authority to make a change which would bind the municipality as a finality, the claim may be conceded. But we have already seen that the scheme contemplated further action by the council, and, it is submitted, this fact destroys, the force of the objection,
It is the judgment of this court that, giving a reasonable construction to the statute, the action of the commissioners was authorized, and that, in holding otherwise, the circuit, court erred.

Judgment reversed.